IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TREVOR HILLSTROM,                              )
                                               )
      Plaintiff,                            )
                                               )
vs.                                            )   Case No.
                                               )
FSST MANAGEMENT SERVICES, LLC,                 )
D/B/A 605 LENDING, et al.,                     )
                                               )
      Defendants.                          )
                                               )

## PROOF OF FILING NOTICE OF REMOVAL IN STATE COURT

     This is to certify that the Notice of Removal filed by Specially-Appearing Defendant AWL II, Inc., d/b/a American Web Loan, in the above-captioned case has been filed for the record in the Circuit Court of Douglas County, Wisconsin, a copy of which is annexed hereto as Exhibit 1.

     Dated this 19th day of July 2024.

                             Respectfully submitted,

                             /s/John E. Radmer
                             John E. Radmer #1095596
                             Meagher & Geer, P.L.L.P.
                             33 South Sixth Street, Suite 4300
                             Minneapolis, MN  55402
                             Phone:  612/338-0661
                             Fax:  612/338-8384

                             *Attorneys for Specially-Appearing Defendants AWL II, Inc. d/b/a American Web Loan and Defendant W6LS, Inc. d/b/a WithU Loans, Inc.*

IN THE CIRCUIT COURT OF DOUGLAS COUNTY
STATE OF WISCONSIN

| | | |
|---|---|---|
| TREVOR HILLSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2024CV000151 |
| | ) | |
| FSST MANAGEMENT SERVICES, LLC, | ) | |
| D/B/A 605 LENDING, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Specially-Appearing Defendant AWL II, Inc., d/b/a American Web Loan, by and through counsel, without waiving any defenses including as to tribal sovereign immunity or the right to compel arbitration, has filed a Notice of Removal of this action with the United States District Court for the Western District of Wisconsin, under 28 U.S.C. §§ 1441 and 1446. A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

In accordance with 28 U.S.C. § 1446(d), Specially-Appearing Defendant respectfully requests that this Court proceed no further in his case unless and until this action is remanded.

Dated this 19th day of July 2024.          Respectfully submitted,

/s/John E. Radmer
John E. Radmer #1095596
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4300
Minneapolis, MN 55402
Phone: 612/338-0661
Fax: 612/338-8384
*Attorneys for Specially-Appearing
Defendants AWL II, Inc. d/b/a American
Web Loan and Defendant W6LS, Inc. d/b/a
WithU Loans, Inc.*

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TREVOR HILLSTROM,

      Plaintiff,

vs.

FSST MANAGEMENT SERVICES, LLC,
D/B/A 605 LENDING,

AWL II, INC., D/B/A AMERICAN WEB
LOAN,

AANIIH NAKODA FINANCE, LLC, D/B/A
BRIGHT LENDING,

EAGLE VALLEY VENTURES, D/B/A
EAGLE VALLEY LENDING, A WHOLLY-
OWNED AND OPERATED ENTITY, ARM,
AND INSTRUMENTALITY OF TONTO
APACHE GROWTH, A WHOLLY-OWNED
INSTRUMENTALITY OF THE TONTO
APACHE TRIBE,

BENHTI ECONOMIC DEVELOPMENT
CORPORATION, D/B/A/ MINTO MONEY,
AND MINTO FINANCIAL,

AND

W6LS, INC., D/B/A WITHU LOANS,

      Defendants.

Case No.

## NOTICE OF REMOVAL

Specially-Appearing Defendant AWL II, Inc., d/b/a American Web Loan ("AWL"), by and through counsel, without waiving any defenses on behalf of itself or any other named defendant, including as to tribal sovereign immunity or the right to compel arbitration, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action to the United States District Court for the Western District of Wisconsin. As grounds for this removal, AWL states as

follows:

1.    A civil action was brought in the Circuit Court of Douglas County, Wisconsin, styled *Trevor Hillstrom v. FSST Management Services, LLC, d/b/a 605 Lending, et al.*, Case No. 2024-CV-000151.

2.    The Complaint contains only one count.  It contends violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Pursuant to 18 U.S.C. § 1446(a), attached as Exhibit A is the process, pleadings, and orders served upon Defendant AWL in this action.

3.    This Court has federal question removal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) because the FCRA claim arises under the laws of the United States.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429 (7th Cir. 2009) ("The federal court had original jurisdiction over the FCRA claim").

4.    All Defendants consent to removal.

5.    This Notice of Removal is timely under 28 U.S.C. § 1446(b), in that it is filed within 30 days of service of the Complaint to AWL.

6.    Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal is being filed with the Circuit Court of Douglas County, Wisconsin, with service to all parties.

WHEREFORE, Specially-Appearing Defendant AWL II, Inc., removes this action to the United States District Court for the Western District of Wisconsin.

Dated this 19th day of July 2024.

        Respectfully submitted,


        /s/John E. Radmer
        John E. Radmer #1095596
        Meagher & Geer, P.L.L.P.
        33 South Sixth Street, Suite 4300
        Minneapolis, MN  55402
        Phone:  612/338-0661
        Fax:  612/338-8384

        *Attorneys for Specially-Appearing*
        *Defendants AWL II, Inc. d/b/a American*
        *Web Loan and Defendant W6LS, Inc. d/b/a*
        *WithU Loans, Inc.*

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **DOUGLAS** |

Trevor Hillstrom vs. FSST Management Services, LLC, d/b/a 605 Lend et al

**Electronic Filing Notice**

FILED
05-21-2024
Clerk of Court
Douglas County, WI
2024CV000151

Case No. 2024CV000151
Class Code: Money Judgment

AWL II, INC., D/B/A AMERICAN WEB LOAN
BOX 277
3910 WEST SIXTH AVENUE
STILLWATER OK 74074

Case number 2024CV000151 was electronically filed with/converted by the Douglas County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 7edd13**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-395-1203.

Douglas County Circuit Court
Date: May 21, 2024

EXHIBIT A

FILED
05-21-2024
Clerk of Court
Douglas County, WI
2024CV000151

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF DOUGLAS**

Trevor Hillstrom,                                    No. 2024-CV-_____

                Plaintiff,

vs.

FSST Management Services, LLC,
       d/b/a 605 Lending,

AWL II, Inc.,
       d/b/a American Web Loan,

Aaniiih Nakoda Finance, LLC
       d/b/a Bright Lending,

Eagle Valley Ventures
       d/b/a Eagle Valley Lending, a wholly-owned and operated entity, arm, and instrumentality
       of Tonto Apache Growth, a wholly-owned instrumentality of the Tonto Apache Tribe,

Benhti Economic Development Corporation,
       d/b/a Minto Money, and Minto Financial, and

W6LS, Inc.,
       d/b/a WithU Loans,

                Defendants.

---

## SUMMONS

---

### THE STATE OF WISCONSIN
### TO EACH PERSON OR ENTITY NAMED ABOVE AS A DEFENDANT

You are hereby notified that the Plaintiff named above have filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

-1-

Within **twenty (20) days** of receiving this summons, you must respond with a written answer to the complaint, as the term is used in chapter 802 of the Wisconsin Statutes. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be electronically filed, or sent or delivered to the court, whose address is

Clerk of Circuit Court,
Douglas County Courthouse,
1313 Belknap Street
Superior, Wisconsin 54880,

and a copy sent or delivered to Plaintiff's attorney, whose address is

Eric L. Crandall, Esq.,
Crandall Law Firm, SC,
421 West Second Street,
PO Box 27,
New Richmond, WI 54017

You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

DATED: May 21, 2024                   Electronically signed by Eric Crandall
                                      Eric L. Crandall, Esq.
                                      **CRANDALL LAW FIRM, SC**
                                      421 West Second Street
                                      PO Box 27
                                      New Richmond, WI 54017
                                      715-243-9996 (p)
                                      WisconsinConsumerLaw@frontier.com
                                      Wis. Attorney Lic. No. 1001833

                                      **ATTORNEY FOR PLAINTIFF**

FILED
05-21-2024
Clerk of Court
Douglas County, WI
2024CV000151

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **COUNTY OF DOUGLAS**

Trevor Hillstrom,                                        No. 2024-CV-_____

            Plaintiff,

vs.

FSST Management Services, LLC,
        d/b/a 605 Lending,

AWL II, Inc.,
        d/b/a American Web Loan,

Aaniiih Nakoda Finance, LLC
        d/b/a Bright Lending,

Eagle Valley Ventures
        d/b/a Eagle Valley Lending, a wholly-owned and operated entity, arm, and instrumentality
        of Tonto Apache Growth, a wholly-owned instrumentality of the Tonto Apache Tribe,

Benhti Economic Development Corporation,
        d/b/a Minto Money, and Minto Financial, and

W6LS, Inc.,
        d/b/a WithU Loans,

            Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.      This is an action brought by Trevor Hillstrom ("Hillstrom") seeking redress for violations

of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ( "FCRA"), committed by the

defendants listed above.

-3-

2.  As alleged and discussed below, substantial amounts of Hillstrom's non public personal identifying information ("PII"), and substantial amounts of his non public personal financial information ("PFI"), has been obtained by each of the above defendants without Hillstrom's express permission, and has subsequently been disclosed to, marketed to, and sold to various lenders and to others, by each defendant without Hillstrom's express permission, and contrary to state and federal law.

3.  As alleged and discussed below, each defendant has assembled Hillstrom's non public PII and PFI into a "consumer file" as defined by the FCRA, or "credit report" in common usage.

4.  As alleged and discussed below, each defendant has acted as a "consumer reporting agency" as defined by the FCRA, or "credit bureau" in common usage, when each defendant disclosed, market and or sold Hillstrom's non public PII and PFI to various potential lenders and to other third parties.

5.  Hillstrom seeks recovery of his actual damages, statutory and punitive damages as allowed by law, and his reasonably incurred costs and attorney fees.

6.  Hillstrom also seeks all appropriate declaratory and injunctive relief.

## II. JURISDICTION

7.  This court has subject matter jurisdiction over Hillstrom's claims, under Wis. Stat. § 801.04 (general jurisdiction), as well as 15 U.S.C. §1681p (FCRA jurisdiction).

8.  Each defendant is subject to personal jurisdiction in Wisconsin courts including this court. At all material times each defendant directed its tortious and illegal conduct towards Wisconsin residents including Hillstrom. At all material times each defendant unlawfully obtained information about Wisconsin residents including Hillstrom. At all material times

each defendant knowingly caused losses, damages, and injuries to Wisconsin residents including Hillstrom. At all material times each defendant engaged in substantial business activities within Wisconsin including attempting to broker loans to Wisconsin residents including Hillstrom, and also selling the PII and PFI of Wisconsin residents to third parties. At all material times each defendant engaged in the solicitation of Wisconsin residents for loan brokering services, including Hillstrom.

9.    Venue is appropriate under Wis. Stat. § 801.50, as a substantial part of the acts, errors and omissions giving rise to the claims asserted by Hillstrom arose in this county, Hillstrom suffered harm within this county, and is in any event the county designated by Hillstrom per Wis. Stat. § 801.502)(d).

### III. PARTIES

**Trevor Hillstrom**

10.    Plaintiff Trevor Hillstrom is an individual residing in Douglas County, Wisconsin.

11.    While Hillstrom is of normal intelligence, he lacks advanced sophistication in the specific businesses of high interest loan lead generation, high interest loan marketing, high interest loan brokering, and credit reporting.

12.    Hillstrom was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

13.    Hillstrom was and is a "consumer" as defined by 15 U.S.C. § 1681a( c ).

14.    Hillstrom was and is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

**Defendants**

15.   Each defendant is a company or other entity incorporated under non Wisconsin law.

16.   No defendant is qualified to conduct business in Wisconsin, or to conduct business with Wisconsin residents.

17.   Each defendant obtains credit reports of Wisconsin consumers, regularly arranges or brokers consumer loans made at high interest to high interest lenders, and receives payment for arranging or brokering those loans.

18.   Each defendant regularly sells leads of and to Wisconsin consumers interested in high interest loans, to potential high interest lenders, and receives payment from these lenders for the sale of these leads.

19.   Each defendant regularly sells leads of and to Wisconsin consumers interested in high interest loans, to other persons, and receives payment from these persons for the sale of these leads.

30.   Each defendant regularly purchases leads of and to Wisconsin consumers interested in high interest loans, from licensed and unlicensed loan brokers, from lenders, and from others.

31.   These leads all contain Hillstrom's non public PII, PFI, credit report information and credit scores.

32.   Each defendant is a sophisticated business, operating throughout the United States including in Wisconsin.

33.   No defendant is licensed by the Wisconsin Department of Financial Institutions to make loans to Wisconsin residents, per Wis. Stat. §§ 138.09 & .14.

34.   No defendant is licensed by the Wisconsin Department of Financial Institutions to broker loans to Wisconsin residents, per Wis. Stat. § 422.502.

35.     Each defendant was and is a "person" as defined by the FCRA, 15 U.SC. § 1681a(b), and is restricted by the FCRA as to its acquisition, safeguarding, dissemination, and eventual destruction of information from credit reports, including any credit report regarding Hillstrom.

36.     Each defendant was and is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

37.     Each defendant was and is a "credit services agency" as defined by Wis. Stat. § 422.501(2)(a).

38.     Per the "Terms of Use" or other similar section of each defendant's respective website, each defendant acknowledges that it regularly arranges or obtains consumer loans for those who apply for credit.

39.     Per the contracts it signs with other persons, each defendant acknowledges that it regularly arranges or obtains consumer loans for those who apply for credit.

40.     Because each defendant regularly arranges, brokers or obtains consumer loans for Wisconsin consumers made at high interest, each defendant would otherwise be a credit services organization ("CSO") as defined by Wis. Stat. § 425.501(2).

41.     Each defendant was formerly immune from suits under consumer protection laws, per binding 7th Circuit precedent. *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 827 (7th Cir. 2016)(under the FCRA, "The Tribe has sovereign immunity ...").

42.     However, this immunity to suits under the FCRA and other consumer protection statutes was abrogated last fall, when the decision in *Lac du Flambeau Band of Lake Superior Chippewa Indians*, 143 S. Ct. 1689 (U.S. 2023) became final. See also *Department of Ag. Rural Dev. v. Kirtz*, 144 S. Ct. 457 (U.S. Feb. 8, 2024)(Governmental units not immune to claims under the FCRA).

43.     Each defendant is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

44.     As businesses conducting their affairs within the United States generally, and Wisconsin specifically, each defendant at all times is deemed to know what is lawful and what is unlawful under US and Wisconsin law.  *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

## IV.  FACTUAL ALLEGATIONS

### Claims of Trevor Hillstrom

45.     When Trevor Hillstrom obtained his August 9, 2022 Clarity consumer credit reports and files, he learned that each defendant had separately accessed his Clarity consumer credit reports and files multiple times

46.     605 Lending accessed the Clarity report on May 6, 2020.

47.     American Web Loan accessed the Clarity report on May 1, 2020 and again on May 20, 2020.

48.     Bright Lending accessed the Clarity report on November 15, 2019.

49.     Eagle Valley accessed the Clarity report twice, on May 26, 2020, and again on February 28, 2022.

50.     Minto Money accessed the Clarity report 8 times between November 15, 2019 and May 20, 2020.

51.     WithU Loans accessed the Clarity report on February 28, 2022.

52.    The information assembled by Clarity about Hillstrom constitutes a "consumer report" under the FCRA, as the information is used for and bears "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

53.    The information assembled by Clarity about Hillstrom constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..." 15 U.S.C. § 1681a(d)(1).

54.    The information about Trevor Hillstrom, held by and released by Clarity to Trevor Hillstrom, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

55.    The information about Trevor Hillstrom, requested by and obtained by various entities including defendants, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

56.    Clarity is a "consumer reporting agenc[ies]" under the FCRA, as "for monetary fees" Clarity "regularly engage[s] in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..." 15 U.S.C. § 1681a(f).

57.    Clarity creates, generates and produces consumer credit reports and files on a regular basis, and derives the information in these reports and files from large amounts of information it collects and maintains on individuals like Trevor Hillstrom in a data base called a consumer file.

58.    For example, the consumer credit reports and files produced by Clarity reports runs to 30 plus pages, and is full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to his name, address, and social security number, his credit score as compiled by Clarity, as well as his financial transaction history.

59.   Hillstrom has never applied for credit with any defendant, nor has Hillstrom ever authorized any defendant to access, download, obtain or view his Clarity consumer credit report and file.

60.   Hillstrom has never authorized any defendant to access, download, obtain or view his consumer credit report and file as maintained by any other consumer reporting agency.

61.   Each time each defendant accessed Trevor Hillstrom's Clarity consumer credit report and file, it obtained large amounts of his personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to his name, address, and social security number, as well as his credit score and financial transaction history.

62.   Each defendant accessed and then redisclosed, shared, sold on, or bartered Trevor Hillstrom's Clarity consumer credit report and file to third parties, transferring large amounts of his personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to his name, address, and social security number, as well as his credit score and financial transaction history.

63.   All defendants are required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

64.   No defendant has adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

65.   All defendants are prevented by state and federal law including the FCRA from releasing Trevor Hillstrom's consumer credit report and file to third parties absent a permissible purpose under the FCRA, 15 U.S.C. §§ 1681b(a)(1 through 6) and (f).

66.    None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Trevor Hillstrom, and no "business transaction" was initiated by Trevor Hillstrom.

67.    The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

68.    All defendants are required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists.  15 U.S.C. § 1681b(f).

69.    The referenced inquiries have become a permanent component of Trevor Hillstrom's credit report and file and is reported to those who ask to review the credit history of Trevor Hillstrom.

70.    Each defendant agreed and represented in its agreements with the various credit reporting agencies that each would request and use consumer reports and files which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

71.    Each defendant was and is  required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports and files and files from credit reporting agencies under false pretenses, or without a legal basis.

72.    At no time material hereto did Trevor Hillstrom ever have a relationship with any defendant of the kind specified  under  §1681b(a)(3)(A) - (F).

73.    Trevor Hillstrom has never given written instructions to any defendant  to access, download, obtain, review and/or release to a third party a consumer report and file of which Hillstrom was the subject.

74.    No defendant has ever been ordered by a court of competent jurisdiction to obtain or release a copy of Trevor Hillstrom's consumer credit report and file pursuant to § 1681b(1).

75.    All defendants have an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer credit reports and files.

76.    Reasonable procedures for users include restricting the ability of each defendants agents, contractors, and employees to obtain or release consumer credit report and files on consumers for any impermissible purpose.

77.    605 Lending's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Trevor Hillstrom's consumer credit report and file violates Trevor Hillstrom's privacy rights under state and federal law including the FCRA.

78.    American Web Loan's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Trevor Hillstrom's consumer credit report and file violates Trevor Hillstrom's privacy rights under state and federal law including the FCRA.

79.    Bright Lending's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Trevor Hillstrom's consumer credit report and file violates Trevor Hillstrom's privacy rights under state and federal law including the FCRA.

80.    Eagle Valley's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Trevor Hillstrom's consumer credit report and file violates Trevor Hillstrom's privacy rights under state and federal law including the FCRA.

81.    Minto Money's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Trevor Hillstrom's consumer credit report and file violates Trevor Hillstrom's privacy rights under state and federal law including the FCRA.

82.   WithU Loans's illegal, unlawful, and impermissible acquisition, dissemination, and / or rediscslosure of Trevor Hillstrom's consumer credit report and file violates Trevor Hillstrom's privacy rights under state and federal law including the FCRA.

83.   Because credit inquiries lower a persons credit score, the actions of each defendant has impaired Trevor Hillstrom's future access to credit.

84.   Hillstrom's agent wrote each defendant, asking for the reasons each defendant accessed his Clarity and consumer credit reports and files.

85.   Each defendant acknowledged receipt of the investigatory letters, but otherwise did not meaningfully respond.

86.   As a result of the actions and omissions of each defendant, Trevor Hillstrom has suffered damages including emotional distress, loss of privacy, mental anguish, fear, anger, frustration, embarrassment and other damages.

87.   The damages Hillstrom suffered as a result of the actions and omissions of each defendant are directly traceable to the conduct of each defendant, and are likely to be redressed by a favorable decision in this action.

## V.  CAUSES OF ACTION

### COUNT 1.    FAIR CREDIT REPORTING ACT

88.    Trevor Hillstrom incorporates by reference all the foregoing paragraphs.

89.    Each defendant  willfully and/or recklessly violated provisions of the Fair Credit Reporting

Act.  These  violations include, but are not limited to the following:

(a)    Each defendant violated 15 U.S.C. §1681b(f) by willfully or
recklessly obtaining multiple copies of Trevor Hillstrom's Clarity
consumer credit reports and files without a permissible purpose under
the FCRA.

(b)    Each defendant violated 15 U.S.C. §1681b(f) by willfully or
recklessly disclosing information from Trevor Hillstrom's Clarity
consumer credit reports and files to third parties without a permissible
purpose under the FCRA.

90.    As a result of the above violations of the FCRA, each defendant is separately liable to Trevor

Hillstrom in the sum of Trevor Hillstrom's actual damages, statutory punitive damages,

costs, disbursements, and reasonable attorney's fees.

## VI.  REQUEST FOR RELIEF

91.    **WHEREFORE**, Trevor Hillstrom respectfully requests that separate judgments be entered

against each defendant as follows:

**Count 1**        (a)    actual damages;

(b)    statutory damages;

(c)    punitive damages;

(d)    costs and reasonable attorney's fees; and

(e)    such other and further relief as is just and equitable.

-14-

## VII. DEMAND FOR TRIAL BY JURY

92.     Trevor Hillstrom hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and Wisconsin Common Law, these claims be determined by a jury of his peers.


Dated: May 21, 2024                              electronically signed by Eric Crandall
                                                Eric Leighton Crandall, Esq.
                                                **CRANDALL LAW FIRM, S.C.**
                                                421 West Second Street
                                                PO Box 27
                                                New Richmond, WI 54017
                                                715-243-9996 (p)
                                                715-246-7174 (f)
                                                WisconsinConsumerLaw@frontier.com
                                                Wis. Atty. Lic. No. 1001833

                                                **ATTORNEY FOR PLAINTIFF**
                                                **TREVOR HILLSTROM**