**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| TREVOR HILLSTROM, | |
| Plaintiff, | |
| v. | Case No. 3:24-cv-00491 |
| FSST MANAGEMENT SERVICES, LLC, D/B/A 605 LENDING, | |
| AWL II, INC., D/B/A AMERICAN WEB LOAN, | |
| AANIIIH NAKODA FINANCE, LLC, D/B/A BRIGHT LENDING, | |
| EAGLE VALLEY VENTURES D/B/A EAGLE VALLEY LENDING, A WHOLLY-OWNED AND OPERATED ENTITY, ARM, AND INSTRUMENTALITY OF TONTO APACHE GROWTH, A WHOLLY-OWNED INSTRUMENTALITY OF THE TONTO APACHE TRIBE, | |
| BENHTI ECONOMIC DEVELOPMENT CORPORATION, D/B/A MINTO MONEY, AND MINTO FINANCIAL, and | |
| W6LS, INC., D/B/A WITHU LOANS, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
BENHTI ECONOMIC DEVELOPMENT CORPORATION**

Defendant, BENHTI ECONOMIC DEVELOPMENT CORPORATION ("BEDCO"), by and through undersigned counsel, files the following Answer and Affirmative Defenses in response to Plaintiff's "Complaint and Demand for Jury Trial" (the "Complaint").

# I.  INTRODUCTION

1.      BEDCO admits only that Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA") but denies that Plaintiff has stated a claim upon which relief may be granted and further denies that Plaintiff is entitled to any redress from or against BEDCO, including, without limitation any damages, costs, fees, or declaratory or injunctive relief. BEDCO further denies that it violated the FCRA.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint and, therefore, denies the same and demands strict proof thereof.

2.      To the extent paragraph 2 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the same and demands strict proof thereof.

3.      The allegations of paragraph 3 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the same and demands strict proof thereof.

4.      The allegations of paragraph 4 of the Complaint assert only legal conclusions to which no response is required.  To the extent paragraph 4 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict

proof thereof. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 4 of the Complaint and, therefore, denies the same and demands strict proof thereof.

5.      BEDCO admits Plaintiff is seeking recovery of damages and other relief, but denies that Plaintiff has stated a claim upon which relief may be granted and further denies that Plaintiff is entitled to any redress from or against BEDCO, including, without limitation any damages, costs, or attorney's fees.

6.      BEDCO admits Plaintiff is seeking declaratory and injunctive relief, but denies that Plaintiff has stated a claim upon which relief may be granted and further denies that Plaintiff is entitled to any redress from or against BEDCO, including, without limitation any declaratory or injunctive relief.

## II.      JURISDICTION

7.      BEDCO denies the allegations contained in paragraph 7 of the Complaint and demands strict proof thereof.

8.      To the extent paragraph 8 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same and demands strict proof thereof.

9.      BEDCO admits that venue is appropriate in this but denies the remainder of the allegations contained in paragraph 9 of the Complaint and demands strict proof thereof.

### III.     PARTIES

**Trevor Hillstrom**

10.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same and demands strict proof thereof.

11.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same and demands strict proof thereof.

12.     The allegations of paragraph 12 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same and demands strict proof thereof.

13.     The allegations of paragraph 13 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 13 of the Complaint and, therefore, denies the same and demands strict proof thereof.

14.     The allegations of paragraph 14 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 14 of the Complaint and, therefore, denies the same and demands strict proof thereof.

**Defendants**

15.     BEDCO admits that it is a company that is not incorporated under Wisconsin law.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 15 of the Complaint and, therefore, denies the same and demands strict proof thereof.

16.     To the extent the allegations of paragraph 16 of the Complaint assert only legal conclusions, no response is required of the BEDCO.  To the extent paragraph 16 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 16 of the Complaint and, therefore, denies the same and demands strict proof thereof.

17.     To the extent paragraph 17 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 17 of the Complaint and, therefore, denies the same and demands strict proof thereof.

18.     To the extent paragraph 18 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same and demands strict proof thereof.

19.    To the extent paragraph 19 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 19 of the Complaint and, therefore, denies the same and demands strict proof thereof.

30.    To the extent paragraph 30[1] of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 30 of the Complaint and, therefore, denies the same and demands strict proof thereof.

31.    BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint and, therefore, denies the same and demands strict proof thereof.

32.    To the extent the allegations of paragraph 32 of the Complaint assert only legal conclusions, no response is required of the BEDCO.  BEDCO admits it is a business. Otherwise, to the extent paragraph 32 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 32 of the Complaint and, therefore, denies the same and demands strict proof thereof.

---

[1] Following paragraph 19 of Plaintiff's Complaint, the next paragraph of the Complaint is numbered 30.  BEDCO has numbered its responses accordingly, notwithstanding the apparent omission from the Complaint of paragraphs 20 through 29.

33. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the same and demands strict proof thereof.

34. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint and, therefore, denies the same and demands strict proof thereof.

35. The allegations of paragraph 35 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 35 of the Complaint and, therefore, denies the same and demands strict proof thereof.

36. The allegations of paragraph 36 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 36 of the Complaint and, therefore, denies the same and demands strict proof thereof.

37. To the extent the allegations of paragraph 37 of the Complaint assert only legal conclusions, no response is required of the BEDCO. To the extent paragraph 37 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 37 of the Complaint and, therefore, denies the same and demands strict proof thereof.

38.     To the extent paragraph 38 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 38 of the Complaint and, therefore, denies the same and demands strict proof thereof.

39.     To the extent paragraph 39 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 39 of the Complaint and, therefore, denies the same and demands strict proof thereof.

40.     To the extent the allegations of paragraph 40 of the Complaint assert only legal conclusions, no response is required of the BEDCO.  To the extent paragraph 40 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 40 of the Complaint and, therefore, denies the same and demands strict proof thereof.

41.     The allegations of paragraph 41 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO denies said allegations and demands strict proof thereof.  BEDCO affirmatively alleges that it is a tribal corporation chartered and wholly owned by the Native Village of Minto (the "Tribe"), and that it shares in the Tribe's sovereign immunity from unconsented suit.

42. The allegations of paragraph 42 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO denies said allegations and demands strict proof thereof.

43. The allegations of paragraph 43 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO denies said allegations and demands strict proof thereof.

44. The allegations of paragraph 44 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 44 of the Complaint and, therefore, denies the same and demands strict proof thereof.

## IV. FACTUAL ALLEGATIONS

**Claims of Trevor Hillstrom**

45. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint and, therefore, denies the same and demands strict proof thereof.

46. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint and, therefore, denies the same and demands strict proof thereof.

47. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint and, therefore, denies the same and demands strict proof thereof.

48.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint and, therefore, denies the same and demands strict proof thereof.

49.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint and, therefore, denies the same and demands strict proof thereof.

50.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint and, therefore, denies the same and demands strict proof thereof.

51.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint and, therefore, denies the same and demands strict proof thereof.

52.     The allegations of paragraph 52 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 52 of the Complaint and, therefore, denies the same and demands strict proof thereof.

53.     The allegations of paragraph 53 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 53 of the Complaint and, therefore, denies the same and demands strict proof thereof.

54. The allegations of paragraph 54 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 54 of the Complaint and, therefore, denies the same and demands strict proof thereof.

55. The allegations of paragraph 55 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 55 of the Complaint and, therefore, denies the same and demands strict proof thereof.

56. The allegations of paragraph 56 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 56 of the Complaint and, therefore, denies the same and demands strict proof thereof.

57. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint and, therefore, denies the same and demands strict proof thereof.

58. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint and, therefore, denies the same and demands strict proof thereof.

59.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint and, therefore, denies the same and demands strict proof thereof.

60.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint and, therefore, denies the same and demands strict proof thereof.

61.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint and, therefore, denies the same and demands strict proof thereof.

62.     To the extent paragraph 62 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 62 of the Complaint and, therefore, denies the same and demands strict proof thereof.

63.     The allegations of paragraph 63 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO denies said allegations and demands strict proof thereof.

64.     To the extent paragraph 64 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 64 of the Complaint and, therefore, denies the same and demands strict proof thereof.

65.     The allegations of paragraph 65 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 65 of the Complaint and, therefore, denies the same and demands strict proof thereof.

66.     The allegations of paragraph 66 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 66 of the Complaint and, therefore, denies the same and demands strict proof thereof.

67.     The allegations of paragraph 67 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO denies said allegations and demands strict proof thereof.

68.     The allegations of paragraph 68 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 68 of the Complaint and, therefore, denies the same and demands strict proof thereof.

69.     BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint and, therefore, denies the same and demands strict proof thereof.

70. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint and, therefore, denies the same and demands strict proof thereof.

71. The allegations of paragraph 71 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 71 of the Complaint and, therefore, denies the same and demands strict proof thereof.

72. The allegations of paragraph 72 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 72 of the Complaint and, therefore, denies the same and demands strict proof thereof.

73. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Complaint and, therefore, denies the same and demands strict proof thereof.

74. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint and, therefore, denies the same and demands strict proof thereof.

75. The allegations of paragraph 75 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remainder of the allegations contained in paragraph 75 of the Complaint and, therefore, denies the same and demands strict proof thereof.

76.     The allegations of paragraph 76 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 76 of the Complaint and, therefore, denies the same and demands strict proof thereof.

77.     The allegations of paragraph 77 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 77 of the Complaint and, therefore, denies the same and demands strict proof thereof.

78.     The allegations of paragraph 78 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 78 of the Complaint and, therefore, denies the same and demands strict proof thereof.

79.     The allegations of paragraph 79 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 79 of the Complaint and, therefore, denies the same and demands strict proof thereof.

80. The allegations of paragraph 80 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 80 of the Complaint and, therefore, denies the same and demands strict proof thereof.

81. The allegations of paragraph 81 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO denies said allegations and demands strict proof thereof.

82. The allegations of paragraph 82 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 82 of the Complaint and, therefore, denies the same and demands strict proof thereof.

83. The allegations of paragraph 83 of the Complaint assert only legal conclusions to which no response is required. To the extent any response is deemed to be required, BEDCO denies said allegations and demands strict proof thereof.

84. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint and, therefore, denies the same and demands strict proof thereof.

85. BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint and, therefore, denies the same and demands strict proof thereof.

86.     To the extent paragraph 86 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 86 of the Complaint and, therefore, denies the same and demands strict proof thereof.

87.     To the extent paragraph 87 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 87 of the Complaint and, therefore, denies the same and demands strict proof thereof.

## V.     CAUSES OF ACTION

### COUNT 1.     FAIR CREDIT REPORTING ACT

88.     BEDCO reasserts and incorporates by reference its responses to paragraphs 1 through 87 of the Complaint as though fully set forth herein.

89.     To the extent paragraph 89 of the Complaint (including all subparts thereof) contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 89 of the Complaint and, therefore, denies the same and demands strict proof thereof.

90.     To the extent paragraph 90 of the Complaint contains factual allegations against BEDCO specifically, BEDCO denies said allegations and demands strict proof thereof.  BEDCO is without knowledge or information sufficient to form a belief as to the

truth or falsity of the remainder of the allegations contained in paragraph 90 of the Complaint and, therefore, denies the same and demands strict proof thereof.

## VI.     REQUEST FOR RELIEF

91.     BEDCO denies the allegations contained in paragraph 91 of the Complaint and demands strict proof thereof.  Further, BEDCO denies that Plaintiff has stated a claim upon which relief may be granted and denies that Plaintiff is entitled to any redress whatsoever from or against BEDCO, including, without limitation, any damages, costs, fees, or declaratory or injunctive relief.

## VII.     DEMAND FOR TRIAL BY JURY

92.     The allegations of paragraph 92 of the Complaint assert only legal conclusions to which no response is required.  To the extent any response is deemed to be required, BEDCO denies that Plaintiff has stated a claim upon which relief may be granted and denies that Plaintiff is entitled to a trial of his claims or any redress whatsoever from or against BEDCO, including, without limitation, any damages, costs, fees, or declaratory or injunctive relief.

## AFFIRMATIVE DEFENSES OF
## BENHTI ECONOMIC DEVELOPMENT CORPORATION

1.     Plaintiff has failed to state a claim upon which relief may be granted.  While Plaintiff avers that he never applied for credit with any named defendant in this case or authorized any of the defendants to obtain his credit report, Plaintiff omits to state whether he affirmatively sought to arrange or obtain short term consumer loans by submitting his information to online consumer loan lead generation providers or brokers in pursuit of a consumer loan.  To the extent the alleged credit inquiries conducted in this case, assuming they were conducted at all, were conducted in response to inquiries made by Plaintiff (or

someone acting at his direction or on his behalf) with online consumer loan lead generation providers or brokers in pursuit of potential loans, the parties who accessed Plaintiff's credit report in response to such inquiries, if any, did so with a permissible purpose under FCRA. Furthermore, Plaintiff has not alleged that he suffered any concrete harm as a direct and proximate result of any alleged violation of the FCRA by BEDCO. Accordingly, Plaintiff has failed to state a claim for relief under the FCRA.

2.  Plaintiff's claims are barred by the doctrines of unclean hands and equitable estoppel. While Plaintiff avers that he never applied for credit with any named defendant in this case or authorized any of the defendants to obtain his credit report, Plaintiff omits to state whether he affirmatively sought to arrange or obtain short term consumer loans by submitting his information to online consumer loan lead generation providers or brokers in pursuit of a consumer loan. To the extent the alleged credit inquiries conducted in this case, assuming they were conducted at all, were conducted in response to inquiries made by Plaintiff (or someone acting at his direction or on his behalf) with online consumer loan lead generation providers or brokers in pursuit of potential loans, Plaintiff cannot now complain, and should be equitably estopped from complaining, that the potential lenders he affirmatively sought out lacked a permissible purpose under the FCRA to make such credit inquiries.

3.  Plaintiff lacks standing to maintain his claims before this Court because he has not alleged that he suffered any concrete harm as a direct and proximate result of any alleged violation of the FCRA by BEDCO.

4.  To the extent Plaintiff suffered any actual damages, which BEDCO denies, such damages were not directly or proximately caused by BEDCO, but rather by an

intervening or superseding cause, or by the acts or omissions of another person, entity, or Plaintiff himself, for who or for which BEDCO is not responsible.

5.     To the extent Plaintiff suffered any actual damages, which BEDCO denies, Plaintiff has failed to mitigate said damages.

6.     The Court lacks subject matter jurisdiction of this action because BEDCO is a wholly owned economic arm and instrumentality of the Native Village of Minto, a federally recognized Native American Indian Tribe, and shares in the Tribe's sovereign immunity from suit.

7.     Plaintiff's claims are wholly barred by the doctrine of sovereign immunity because BEDCO is a wholly owned economic arm and instrumentality of the Native Village of Minto, a federally recognized Native American Indian Tribe, and shares in the Tribe's sovereign immunity from suit.

8.     BEDCO reserves the right to assert any additional affirmative defenses of which it may become aware as a result of discovery in this action.

WHEREFORE, Defendant, BENHTI ECONOMIC DEVELOPMENT CORPORATION, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, respectfully requests that judgment be entered in its favor and that the Court dismiss this action with prejudice, denying all relief requested by the Plaintiff and granting BEDCO such other and further relief as the Court determines is appropriate in the premises.

Dated this 24th day of July, 2024.

Respectfully submitted,

*/s/ Eric M. Lochen*
Eric M. Lochen, Esq.
Lochen Law Offices, PLLC
P.O. Box 174
Hartland, WI 53029
Phone: (218) 308-1076
Email: eric@lochenlaw.com
Wis. Atty. Lic. No. 1094919
*Attorneys for Benhti Economic*
*Development Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to all CM/ECF participants.

*/s/ Eric M. Lochen*
Attorney