UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

Trevor Hillstrom,                           No. 2024-CV-491

             Plaintiff,

vs.

FSST Management Services, LLC,
     d/b/a 605 Lending,

AWL II, Inc.,
     d/b/a American Web Loan,

Aaniiih Nakoda Finance, LLC
      d/b/a Bright Lending,

Eagle Valley Ventures
     d/b/a Eagle Valley Lending, a wholly-owned and operated entity, arm, and instrumentality
     of Tonto Apache Growth, a wholly-owned instrumentality of the Tonto Apache Tribe,

Benhti Economic Development Corporation,
     d/b/a Minto Money, and Minto Financial, and

W6LS, Inc.,
     d/b/a WithU Loans,

             Defendants.

---

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR RECONSIDERATION**

---

**MOTION**

Plaintiff Trevor Hillstrom ("Hillstrom") moves for and seeks reconsideration of the Court's December 4, 2024 order, pursuant to FED. R. CIV. P. 59(e), and files this Memorandum in Support.

-1-

## BACKGROUND

Hillstrom initiated this suit on May 21, 2024 in Douglas County Wisconsin Circuit Court, asserting claims for violations of the Fair Credit Reporting Act ("FCRA"). The case was removed to this Court on July 19, 2024 (dkt. #1).

Defendant Benhti Economic Development Corporation, d/b/a Minto Money filed its answer on July 24, 2024 (dkt # 7), rasing tribal immunity as an affirmative defense. Minto Money **did not** move to dismiss.

Defendant AWL II, Inc., d/b/a American Web Loan, and Defendant W6LS, Inc., d/b/a WithU Loans, appeared, and moved to dismiss on grounds of tribal sovereign immunity, on August 26, 2024.(dkt. #17).

Hillstrom settled with Eagle Valley Ventures d/b/a Eagle Valley Lending. Hillstrom moved to amend his complaint to dismiss this party[1] with prejudice on September 6, 2024 (dkt # 23).

Hillstrom was unable to obtain service on defendant FSST Management Services, d/b/a 605 Lending, nor on Defendant and Aaniiih Nakoda Finance, LLC, d/b/a Bright Lending. Hillstrom moved to amend his complaint to dismiss these parties **without prejudice** on September 24, 2024 (dkt # 36).

On December 4, 2024, this Court granted defendant American Web Loan and defendant WithU Loans motions to dismiss on tribal immunity grounds, and denied all other remaining pending

---

[1] A notice or stipulation of dismissal per Fed. R. Civ. P. 41 would normally resolve these claims, as Federal law generally allows a notice of dismissal or a stipulation of dismissal as the appropriate vehicle to dismiss settling defendants. However, Federal law as interpreted by the 7th Circuit Court of Appeals does not allow this approach. Rather, the appropriate vehicle to dismiss individual claims or parties in a multi party action is a motion to amend the pleadings under Rule 15(a). See *Taylor v. Brown*, 787 F. 3d 851, 857-58 (7th Cir. 2015).

motions as moot (dkt. # 44). Becasue the Court did not grant Hillstrom's motion to amend his complaint to dismiss FSST Management Services, d/b/a 605 Lending, and Aaniiih Nakoda Finance, LLC, d/b/a Bright Lending as parties, they remained as parties when the Court dismissed the case "with prejudice on the ground that each of the defendants [are] entitled to tribal sovereign immunity." (Dkt # 44).

**STANDARD**

Motion for reconsideration are purposed for correcting errors while the court still holds jurisdiction. *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). Where a legal error is present, the error must be clear. *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017). A clear or manifest error is one that disregards or fails to recognize controlling precedent. *Burritt v. Ditlefson,* 807 F.3d 239, 253 (7th Cir. 2015).

**ARGUMENT**

**1.** **This court has made an error in its legal analysis, and reconsideration is appropriate.**

**a.** **The Court's December 4, 2024 order dismissed two parties <u>with prejudice</u>, when they should have been dismissed <u>without prejudice.</u>**

Where a party cannot be served within the restrictions of Fed. R. Civ. P. 4(m), the plaintiff may ask for their dismissal without prejudice. Dismissal under Rule 4(m) are made **without prejudice.** See *Cardenas v. City of Chicago*, 646 F.3d 1001, 1008 (7th Cir. 2011). This allows for a new lawsuit to be filed against the non served parties at a later date[2], when the plaintiff has obtained further information and resources to effect service.

---

[2] Presuming that any applicable statute of limitations has yet to expire. See *Conover v. Lein,* 87 F.3d 905, 908-909 (7th Cir. 1996)(dismissal under Rule 4(m) is without prejudice, but not with out consequence, should the applicable statue of limitation run in the meantime).

Here, Hillstrom sought such a dismissal order as to defendant FSST Management Services, d/b/a 605 Lending, and as to defendant Aaniiih Nakoda Finance, LLC, d/b/a Bright Lending. This motion sought dismissal of these parties **without prejudice**. The Court never directly addressed this motion, but instead denied all other "remaining pending motions ... as moot," leaving these two defendants as parties. Because the Court also dismissed the case "with prejudice on the ground that each of the defendants is entitles to tribal sovereign immunity." (dkt. # 44), the effect here is that defendants FSST Management Services and Bright Lending have obtained dismissals with prejudice, even though they were never served, never appeared, and also never raised tribal sovereign immunity as a defense.

## V. CONCLUSION

This court should reconsider its December 4, 2024 decision, and decide in the first instance Hillstrom's motion to amend his complaint to dismiss FSST Management Services, d/b/a 605 Lending, and Aaniiih Nakoda Finance, LLC, d/b/a Bright Lending as parties to this action due to Hillstrom's inability to serve process.


DATED: December 31, 2024        s/ Eric Crandall
                                Eric L. Crandall, Esq.
                                **CRANDALL LAW FIRM, SC**
                                421 West Second Street
                                PO Box 27
                                New Richmond, WI 54017
                                715-243-9996 (p)
                                WisconsinConsumerLaw@frontier.com
                                Wis. Attorney Lic. No. 1001833

                                **ATTORNEY FOR PLAINTIFF**